IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLENE TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-1108-SLR |
| BCBSD, Inc., d/b/a BLUE CROSS BLUE SHIELD OF DELAWARE | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of December, 2011, having considered defendant's motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 4) is granted for the reasons that follow:

1. **Background.** On December 16, 2010, plaintiff Charlene Tucker filed this putative class action against defendant BCBSD, Inc., d/b/a Blue Cross Blue Shield of Delaware ("BCBSD"), the administer of her Employment Retirement Income Security Act[1] regulated health and welfare plan ("the Plan"). (D.I. 1) Plaintiff alleges that defendant's conduct has deprived her and members of the purported class of their health care benefits while, at the same time, allowing certain healthcare providers to charge "exorbitant fees." (Id.) Plaintiff asserts that defendant breached its fiduciary duties to the Plan, to the Plan's participants and beneficiaries by approving a scheme by certain plan-participating providers and by failing to inform the participants and beneficiaries that defendant's conduct adversely affected their benefits. (D.I. 6)

2. Plaintiff avers that on February 14, 2007, she was involved in an automobile

---

[1]"ERISA," 29 U.S.C. § 101 et seq.

accident and suffered a shoulder injury. (D.I. 1) Plaintiff sought treatment at First State Orthopaedics ("FSO"). Prior to submitting for surgical treatment, plaintiff was required by FSO to sign a "Medical Report and Doctor's Lien."[2] She submitted a copy of her BCBSD healthcare card to FSO for billing purposes. Plaintiff also signed a "Medical Consent Form" that, among other things, indicated she would be financially responsible to FSO for any amounts not paid by any insurance carrier.

3. Plaintiff alleges that defendant and FSO were parties to a contract, whereby FSO agreed to bill BCBSD at specific negotiated rates for services provided to BCBSD members and customers. The contract does not exclude automobile and/or litigation related claims. She contends no one informed her that she would be required to pay for any medical treatment through her lawsuit proceeds. Plaintiff also was not advised that her medical bills would be billed against her lawsuit at an amount higher than the amount which FSO had agreed to accept from BCBSD for the same services.

4. Defendant has moved to dismiss, arguing that plaintiff has failed to allege facts sufficient to sustain a claim. (D.I. 4, 5) Plaintiff has filed opposition, to which defendant has submitted a reply. (D.I. 6, 7)

5. **Standard of Review.** In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[2]Ostensibly, plaintiff authorized her attorney to pay FSO directly out of the proceeds of any personal injury recovery.

2

relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

6. In ruling on a Rule 12(b)(6) motion to dismiss, a court must conduct a two-part analysis. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). To that end, the court must first separate the factual and legal elements of the claim, accepting well-pleaded facts as true but disregarding legal conclusions. *Id.* Second, the court must determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Fowler*, 578 F.3d at 211. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed for failure to state a claim. *Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010). Courts look to the complaint and attached exhibits in ruling on a motion to dismiss. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

7. **Discussion.** In order to state a claim for breach of a fiduciary duty under 29

3

U.S.C. § 1132(a)(2), a plaintiff must demonstrate that: "(1) the defendant was acting in a fiduciary capacity; (2) the defendant made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the misrepresentation or inadequate disclosure was material; and (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." *Shook v. Avaya Inc.*, 625 F.3d 69, 72 (3d Cir. 2010); *Leckey v. Stefano*, 501 F.3d 212, 225-26 (3d Cir. 2007).

8. In addition, the Supreme Court has explained that a plaintiff must show a loss to the plan in order to recover. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). Significantly, actions must be brought on behalf of the plan itself and must seek to restore losses to that plan. *Id.* Actions pursuant to 1132(a)(2) are not vehicles for individual relief. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002).

9. Defendant contends that plaintiff's claim fails because she has not asserted any loss to the Plan. The court agrees. In the complaint, plaintiff alleges harm to herself and other beneficiaries having been billed directly from FSO instead of having their claims submitted to the Plan for payment. However, she does not explain how this conduct would cause a loss to the Plan. To the contrary, by not submitting claims to the Plan for payment, the Plan would seemingly benefit by not having to pay on claims. Although plaintiff urges the court to speculate that such conduct could result in a loss (as a result of over billing or interference with subrogation rights), there are no plausible allegations of record to warrant such a conclusion. *Iqbal*, 129 S.Ct. at 1949.

10. Similarly, plaintiff's breach of fiduciary duty claim cannot proceed under 29

U.S.C. § 1132(a)(3). Section 1132(a)(3) is a catchall provision designed as a "safety net" for plaintiffs seeking equitable relief where § 1132 does not otherwise afford an adequate remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 512-13 (1996). The residual nature of this section does not imply that a plaintiff has a claim under this section whenever her claim fails under another section. *Fleisher v. Standard Ins. Co.*, 2011 WL 1640092 (D. N.J. 2011). This section offers appropriate equitable relief in situations where beneficiaries cannot avail themselves of any other remedy under 29 U.S.C. § 1132. Varity Corp., 516 U.S. at 512. Because plaintiff at bar has another viable remedy, this catchall provision does not apply.

11. Specifically, plaintiff alleges that BCBSD breached its fiduciary duty when it denied payment of her claims and failed to inform her of this practice. This claim is cognizable under 29 U.S.C. 1132(a)(1). *Hahnemann University Hospital v. All Shore, Inc.*, 514 F.3d 300, 309 (3d Cir. 2008). However, in order to proceed under § 1132(a)(1), a plaintiff must have first exhausted the plan's administrative remedies. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990). The exhaustion requirement is waived only where resort would be futile. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990); *Bennett v. Prudential Ins. Co.*, 192 Fed. Appx. 153, 155 (3d Cir. 2006). Plaintiff has not asserted that she exhausted the Plan's administrative remedies nor presented anything to suggest that her failure to exhaust would be futile.

_____
United States District Judge

5